787 F.2d 593
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ANN THROCKMORTON, Plaintiff-Appellant,
v.
DIRECTOR OF THE UNITED STATES PEACE CORPS AND UNITED STATES
OF AMERICA, Defendants-Appellees.
 85-3316
 United States Court of Appeals, Sixth Circuit.
 3/28/86
 
 AFFIRMED
 S.D.Ohio
 ON APPEAL from the United States District Court for the Southern District of Ohio
 Before: KENNEDY and RYAN, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant, Ann Throckmorton, brought this action under the Federal Tort Claims Act ('FTCA'), as amended, 28 U.S.C. Secs. 1346(b), 2671-2680, in the United States District Court for the Southern District of Ohio to recover for injuries that she suffered while serving as a Peace Corps volunteer in Mali, West Africa. Defendants-appellees, the United States of America and the Director of the United States Peace Corps, filed a motion to dismiss the complaint for lack of subject matter jurisdiction or, in the alternative, for summary judgment arguing that the Federal Employees Compensation Act ('FECA'), 5 U.S.C. Secs. 8101-8193, provided appellant's exclusive remedy for her injuries and precluded relief under the FTCA. The District Court granted the motion for summary judgment and dismissed the complaint.
 
 
 2
 Appellant served as a Peace Corps volunteer from January 22, 1980 through August 12, 1980. In April 1980, appellant noticed a lump in her lower left buttockgroin area and accompanying soreness. On or about May 2, 1980, a Peace Corps medical officer examined appellant for this condition, which was steadily growing in intensity and severity. The medical officer made a reservation for appellant to medically evacuate and an appointment for appellant to visit a local physician. The medical officer also recommended antibiotics and anti-inflammatory drugs which failed to alleviate the condition. On May 9, 1980, the local physician examined appellant and advised her that he wished to lance, under a general anesthetic, the ulcerated, abscessed lesion which had developed. Appellant refused the procedure because of the grossly inadequate medical treatment facilities, lack of any nursing staff, and for sanitary reasons. Appellant requested medical evacuation to a suitable treatment facility and further medical examination. The medical officer refused the request for medical evacuation but made an appointment for appellant at the Bamako, Mali Leper Institute. Another physician, who could not diagnose her condition, examined appellant at the Leper Institute. This physician, however, also wanted to lance the lesion. Again, appellant refused the procedure and renewed her request for medical evacuation. Finally, on May 14, 1980, after the pain became unbearable, the second physician lanced the abcess at the Leper Institute.
 
 
 3
 After a one month convalescence, appellant returned to her post on June 16, 1980. Almost immediately, the abcessed, ulcerated lesion returned. Appellant again repeatedly requested medical evacuation. On August 5, 1980, appellant returned to Bamako after developing tropical dysentery and an abcessed liver. The medical officer again denied appellant's request for medical evacuation but scheduled an appointment with an Australian doctor at the American Embassy in Bamako. The Australian doctor determined that appellant had a possible rectoperineal fistula and ordered immediate medical evacuation. On about August 12, 1980, the Peace Corps medically evacuated appellant to the United States Air Force Hospital in Weisbaden, West Germany where appellant underwent fistula-in-ano surgery. After an extended convalescence, appellant returned to the United States on or about October 6, 1980. The Peace Corps medically terminated appellant on October 8, 1980. Appellant has subsequently undergone several other operations in an attempt to correct her incontinence and to repair her sphincter muscles.
 
 
 4
 On October 8, 1980, appellant filed several administrative claims for compensation under the FECA. Although the Department of Labor informed appellant on February 10, 1981 that her 'case has been approved for perineal absecess and fistula,' appellant did not receive any payment on her claims until approximately September 24, 1982. Although appellant wrote to the Department of Labor on March 11, 1981 seeking clarification of the February 10, 1981 letter, appellant alleges that the Department of Labor never responded to her inquiry. Instead, the Department of Labor made numerous inquires for additional information so that the Department could determine whether or not to grant benefits. Finally, on August 25, 1982, plaintiff-appellant filed this action under the FTCA. In September 1982, appellant received a check dated September 24, 1982 in the amount of $4,312.99 which was designated as compensation from October 8, 1980 through March 11, 1981. Appellant returned this check to the Department of Labor on October 23, 1982. Appellant received a second check dated March 11, 1983 in the amount of $725.23 which was designated as reimbursement for expenses. Appellant returned this check to the Department of Labor on April 9, 1983.
 
 
 5
 Plaintiff-appellant raises three issues on appeal: (1) Whether FECA applies to her injuries; (2) Whether the Department of Labor denied her claim under FECA so that she could apply for relief against the United States under the FTCA; and (3) Whether a Peace Corps volunteer who receives severe personal injuries from the negligence of a Peace Corps medical officer can maintain a claim against the United States under the FTCA after the volunteer has filed a FECA claim. For the reasons set forth below, we hold that since the FECA applies and provides the exclusive remedy against the United States, the District Court properly dismissed the action.
 
 I.
 
 6
 Initially, appellant argues that the FECA does not apply to her injuries. The FECA established a comprehensive program of workers' compensation for all government employees injured in work-related accidents. In general, 5 U.S.C. Sec. 8102(a) (emphasis added) provides, with certain exceptions, that '[t]he United States shall pay compensation . . . for the disability or death of an employee resulting from personal injury sustained while in the performance of his duty.' Title 5 U.S.C. Sec. 8142(b) provides that the FECA applies to Peace Corps volunteers. Appellant argues that although the onset of the condition which cvontually lod to her injuries occurred while she was performing her duties as a Peace Corps volunteer, the negligence which exacerbated her injuries into a severe debilitating injury, did not occur while she was performing her duties. Title 5 U.S.C. Sec. 8142(c)(3), however, provides for sweeping coverage under FECA for Peace Corps volunteers serving outside the United States by providing:
 
 
 7
 (c) For the purpose of this subchapter--
 
 
 8
 .............................................................
 
 
 9
 ...................
 
 
 10
 * * *
 
 
 11
 (3) an injury suffered by a volunteer when he is outside the several States and the District of Columbia is deemed proximately caused by his employment, unless the injury or disease is--
 
 
 12
 (A) caused by the willful misconduct of the volunteer;
 
 
 13
 (B) caused by the volunteer's intention to bring about the injury or death of himself or of another; or
 
 
 14
 (C) proximately caused by the intoxication of the injured volunteer . . ..
 
 
 15
 Appellant's injury occurred while she was serving outside the United States in Mali, West Africa. Since none of the exceptions apply, the District Court correctly held that the FECA covers appellant's injuries.
 
 II.
 
 16
 Second, appellant argues that since she has been denied coverage under the FECA, she may bring an action under the FTCA. On October 8 and 9, 1980, appellant filed several administrative claims for compensation under FECA. Appellant argues that since the Department of Labor did not dispose of those claims within the six month period of 28 U.S.C. Sec. 2675(a), she could treat the claim as denied. Title 28 U.S.C. Sec. 2675(a) provides in partinent part:
 
 
 17
 An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for the purposes of this section.
 
 
 18
 This statute, however, applies to the FTCA. The FECA does not, on its face, require the Department of Labor to respond to a claim in six months. In any event, the Department of Labor notified appellant, within the six-month period, on February 10, 1981 that it had 'approved [her claim] for perineal abscess and fistual.' The Department of Labor subsequently sent appellant two checks, which appellant has returned uncashed to the Department of Labor. Although the Department of Labor did not mail the first check until more than eighteen months after it approved her claim, a May 1, 1981 letter from the Department of Labor to appellant indicates that the Department of Labor needed more information to process appellant's compensation claim. Accordingly, the District Court did not err in doncluding that the Department of Labor had determined that appellant's injuries were covered under the FECA and that the Department of Labor had made substantial payments to her under the FECA.
 
 III.
 
 19
 Third, appellant argues that a Peace Corps volunteer who suffers severe personal injuries as the result of the negligence of a Peace Corps medical officer may maintain an action under the FTCA after the volunteer files a claim under FECA when the Department of Labor denies the claim. Appellant's argument fails because the Department of Labor approved appellant's claim. Title 5 U.S.C. Sec. 8116(d) provides that an employee's remedy under the FECA represents the employee's exclusive remedy against the United States:
 
 
 20
 The liability of the United States or an instrumentality thereof under this subchapter or any extension thereof with respect to the injury or death of an employee is exclusive and instead of all other liability of the United States or the instrumentality to the employee, his legal representative, spouse, dependents, next of kin, and any other person otherwise entitled to recover damages from the United States or the instrumentality because of the injury or death in a direct judicial proceeding, in a civil action, or in admiralty, or by an administrative or judicial proceeding under a workmen's compensation statute or under a Federal tort liability statute. However, this subsection does not apply to a master or a member of a crew of a vessel.
 
 
 21
 5 U.S.C. Sec. 8116(d). Appellant argues that the remedy under the FECA has not been satisfactory because she has incurred medical expenses which FECA has not paid. Title 5 U.S.C. Sec. 8128(b) provides that the Secretary of Labor's decision to allow or deny payment under the FECA is '(1) final and conclusive for all purposes and with respect to all questions of law and fact; and (2) not subject to review by another official of the United States or by a court by mandamus or otherwise.' Accordingly, this Court cannot review the amount of the Secretary's award under the FECA.
 
 
 22
 Finally, although the defendants-appellees did not raise this issue in the District Court, we conclude that since the alleged negligence occurred in Mali, West Africa, the FTCA does not apply. Title 28 U.S.C. Sec. 2680(k) provides in pertinent part: 'The provisions of this chapter and section 1346(b) of this title shall not apply to . . . [a]ny claim arising in a foreign country.' Consequently, appellant cannot recover for her injuries under the FTCA.
 
 
 23
 Accordingly, the judgment of the District Court is affirmed.